**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ERROL THOMAS,**

                              **Plaintiff,**

  vs.                                                      **9:13-CV-0321
(MAD/TWD)**

**F. WAUGH, DICAIRANO, LEIFELD,
RONALD D. LARKIN, CHERYL MORRIS,
JOHN N. ANTONELLI, BLY, and KAREN
BELLAMY,**

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**ERROL THOMAS**, 96-A-7903
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **LOUIS JIM, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Errol Thomas, an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro se* pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1; Dkt. No. 26. Plaintiff alleges the following causes of action: (1) violation of his right to freely exercise his religion under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), (2)

violation of his substantive and procedural due process rights, and (3) retaliation in violation of his First Amendment rights. *See* Dkt. No. 26 at ¶¶ 17-68.

On November 6, 2014, Defendants filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 47. In a July 24, 2015 Report-Recommendation and Order, Magistrate Judge Dancks recommended that Defendants' motion to dismiss for failure to state a claim be granted in part and denied in part. *See* Dkt. No. 53. Currently before the Court are Plaintiff's objections to Magistrate Judge Dancks' Report and Recommendation. *See* Dkt. No. 56.

## II. BACKGROUND

### A. Magistrate Judge Dancks' Report and Recommendation

As there are no objections filed to the background and facts set forth in the Report-Recommendation and Order, the Court adopts and incorporates that recitation here. *See* Dkt. No. 53 at 1-5. Magistrate Judge Dancks recommended that the Court grant in part and deny in part Defendants' motion. See Dkt. No. 53. Specifically, Magistrate Judge Dancks recommended that the Court direct Defendants Waugh, Leifeld, Larkin, Morris, Antonelli, and Bly to answer Plaintiff's claims under the free exercise clause of the First Amendment and the RLUIPA because Plaintiff stated plausible facts suggesting that Defendants' refusal to permit him to wear the larger head covering substantially burdened his sincerely held religious belief. *See id.* at 7-14. Magistrate Judge Dancks next recommended that the Court dismiss Plaintiff's procedural due process claims with prejudice based on the availability of adequate state court post-deprivation remedies. *See id.* at 14-15. Magistrate Judge then recommended that Plaintiff's substantive due process claim be dismissed with prejudice because, *inter alia*, it is covered by a specific constitutional provision and must be analyzed under that standard. *See id.* at 15-16. Magistrate

Judge Dancks further recommended that the Court dismiss Plaintiff's retaliation claim against Defendant Leifeld for failing to plausibly allege a causal connection between Defendant Leifeld's alleged adverse action and Plaintiff's protected speech and grant Plaintiff leave to amend. *See id.* at 17-20. In addition, Magistrate Judge Dancks recommended that the Court grant Defendants' motion to dismiss Plaintiff's claims against Defendant DiCairano for failure to allege more than mere verbal harassment and against Defendant Bellamy for lack of personal involvement. *See id.* at 20-22. Finally, Magistrate Judge Dancks recommended that Plaintiff's claims regarding the functioning of the grievance process be dismissed on the grounds that prisoners have no constitutional right to the proper administration of the grievance process. *See id.* at 22-23.

## B. Plaintiff's Objections

Plaintiff objects to Magistrate Judge Dancks' recommendations that his due process claims, retaliation claims, and claims against Defendant DiCairano and Defendant Bellamy be dismissed. *See* Dkt. No. 56 at 2. Specifically, Plaintiff argues that his headcovering was confiscated arbitrarily and unjustifiably, thereby denying Plaintiff substantive and procedural due process because the prison authorities could have "resolved the problem in a more appropriate fashion without resorting to the harsher solution of penalizing plaintiff with a misbehavior report and pre-hearing confinement." Dkt. 56 at 2-3. Additionally, Plaintiff argues that Magistrate Judge Dancks applied the wrong standard for appraising the sufficiency of a complaint on a motion to dismiss to his retaliation claim. *See* Dkt. 56 at 3-5. He also appears to argue that his complaint sufficiently stated a retaliation claim against Defendant DiCairano and Defendant Bellamy. *See id.* at 3.

## III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same argument [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citation and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complain is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Furthermore, when a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). Nonetheless, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.*

**B.     Free Exercise and Grievance Process Claims**

Neither party has objected to Magistrate Judge Dancks' recommendations that Plaintiff's free exercise claim go forward and claim related to functioning of the grievance system be dismissed. The Court finds that Magistrate Judge Dancks correctly determined that Plaintiff has plausibly alleged that Defendants substantially burdened his sincerely held religious beliefs and have not identified a legitimate or compelling penological interest justifying the impingement. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's free exercise claims under the First Amendment and RLUIPA. The Court also finds that Magistrate Judge Dancks correctly concluded that Plaintiff does not have a due process right to have proper procedures be followed

5

with respect to his grievances. As such, the Court grants Defendants' motion to dismiss Plaintiff's claim pertaining to the functioning of the inmate grievance system.

**C.     Due Process Claims**

    **1.     Substantive Due Process**

Plaintiff argues that he sufficiently pled the elements of a substantive due process claim as set forth in *Rother v. New York State Department of Corrections and Community Supervision*, 970 F. Supp. 2d 78, 100 (N.D.N.Y. 2013). Specifically, Plaintiff argues that his complaint alleges "1) Plaintiff's religious headcovering was confiscated arbitrarily, denying him of his constitutionally-protected religious freedom; [and] 2) The issue of a misbehavior report is a punishment against his exercise of religion." Dkt. No. 56 at 2.

Magistrate Judge Dancks correctly determined that Plaintiff's substantive due process claim fails because Plaintiff "has not alleged any facts plausibly suggesting that Defendants' behavior was 'shocking' in a constitutional sense." Dkt. No. 53 at 16. As Magistrate Judge Dancks noted, within the context of the prison setting, "[v]ery few conditions . . . have been found 'shocking' enough to violate a prisoner's right to substantive due process." *Id.* (citing *Sadin v. Conner*, 515 U.S. 472, 479 n.4, 484 (1995)); *Tavares v. Amato*, 954 F. Supp. 2d 79, 98 (N.D.N.Y. 2013)). The only facts alleged by Plaintiff in connection with his substantive due process claim are that his religious headcovering was confiscated and that he was issued a misbehavior report. *See* Dkt. No. 56 at 2. Neither of these allegations rises to the level of "shocking" that would support a substantive due process claim.

Morever, Magistrate Judge Dancks correctly determined that Plaintiff's substantive due process claim must be dismissed on the additional ground that it is duplicative of Plaintiff's First Amendment free exercise claim. *See* Dkt. No. 53 at 16; *see also Rother*, 970 F. Supp. 2d at 100

("[S]ubstantive-due-process claims must be dismissed where they are 'merely duplicative of claims explicitly protected under other constitutional sources.' (quoting *Roman v. Velleca*, No. 11-CV-1867, 2012 WL 4445475, *10 (D. Conn. Sept. 25, 2012)). Plaintiff's objections make clear that his substantive due process claim is based on Defendants' alleged violations of Plaintiff's free exercise rights. *See* Dkt. No. 56 at 2. As Magistrate Judge Dancks correctly set forth, "a constitutional claim . . . covered by a specific constitutional provision . . . must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." Dkt. No. 53 at 16 (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). As such, the Court grants Defendants' motion to dismiss Plaintiff's substantive due process claim without leave to amend.

### 2. Procedural Due Process Claim

Plaintiff objects to Magistrate Judge Dancks' recommendation that his procedural due process claim be dismissed on the grounds that Defendants' deprivation of Plaintiff's property was unjustified and not implemented in an "appropriate fashion." Dkt. No. 56 at 3. However, Magistrate Judge Dancks correctly found that under Second Circuit law, the confiscation of property even in a prison context does "not constitute a Fourteenth Amendment violation for loss of property because of the availability of state court post-deprivation remedies" in the New York Court of Claims. Dkt. No. 53 at 14 (quoting *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996)). Magistrate Judge Dancks also correctly concluded that better pleading cannot cure the substantive failures of Plaintiff's procedural due process claim. *See id.* at 15. Accordingly, the Court adopts Magistrate Judge Dancks' recommendation to dismiss with prejudice Plaintiff's procedural due process claim.

**D.** **Retaliation Claims**

Magistrate Judge Dancks recommended that Plaintiff's retaliation claim against Defendant Leifeld be dismissed based on Plaintiff's failure to allege facts plausibly suggesting a causal connection between Plaintiff's protected speech and Defendant Leifeld's alleged adverse actions. *See* Dkt. No. 53 at 18-20. Plaintiff contends that Magistrate Judge Dancks applied the wrong standard in determining whether Plaintiff's complaint sufficiently states a retaliation claim. *See* Dkt. No. 56 at 4-5. Plaintiff incorrectly relies on the outdated pleading standard of *Conley v. Gibson*, which did "not require a claimant to set out in detail the facts upon which he bases his claim," but rather to set out "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff fails to recognize that the Supreme Court's more recent decisions in *Twombly* and *Iqbal* abrogated *Conley*'s bare notice pleading requirements in favor of a standard requiring litigants to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Iqbal*, 556 U.S. at 678.

Here, Magistrate Judge Dancks applied the correct standards in determining that Plaintiff has failed to plausibly allege a causal connection between Defendant Leifeld's action and Plaintiff's protected speech. As Magistrate Judge Dancks explained, the only fact Plaintiff alleged that suggests a causal connection is the fact that Defendant Leifeld's actions were taken in close temporal proximity to Plaintiff's protected speech. *See* Dkt. No. 53 at 19. Magistrate Judge Dancks further correctly explained that temporal proximity alone is insufficient to establish an inference of retaliation. *See id.* (citing *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95

(2d Cir. 2001)). Accordingly, Plaintiff's retaliation claim must be dismissed for failure to plausibly allege a causal connection.

Magistrate Judge Dancks also recommended that Plaintiff be granted leave to amend his retaliation complaint. In light of Plaintiff's misplaced reliance on the *Conley* notice pleading requirements, the Court agrees that granting leave to amend is proper. Plaintiff's retaliation claim against Defendant Leifeld is thus dismissed without prejudice.

Plaintiff also argues that his claims against Defendant DiCairano and Bellamy are "part of [his] retaliation claim," as Defendants "continued to push the issue, particularly after plaintiff filed a grievance." Dkt. No. 56 at 3. Magistrate Judge Dancks construed Plaintiff's claim against Defendant DiCairano as alleging a violation of Plaintiff's free exercise rights. *See* Dkt. No. 53 at 20. That interpretation is consistent with Plaintiff's complaint, which alleged that "[D]efendant DiCairano intentionally harassed Thomas in derogation of his right to religious freedom so as to burden Thomas' exercise of his religious freedom." Dkt. No. 26 at ¶ 40. Plaintiff's retaliation claims specifically name only Defendant Leifeld. *See id.* at ¶¶ 41-47.

First, Magistrate Judge Dancks is correct in concluding that Plaintiff's allegations of verbal harassment by Defendant DiCairano are insufficient to raise a constitutional violation. *See* Dkt. No. 53 at 20. Second, Plaintiff's allegations as to Defendant DiCairano involve solely conduct that occurred prior to Plaintiff's alleged protected activity of filing a grievance against Defendant DiCairano. *See* Dkt. No. 26 at ¶¶ 34-40. As Plaintiff has not alleged any adverse action taken by Defendant DiCairano in response to Plaintiff's protected activity, Plaintiff has failed to state a retaliation claim against Defendant DiCairano. The Court therefore accepts Magistrate Judge Dancks' recommendation and dismisses Plaintiff's claim against Defendant DiCairano with prejudice.

As to Defendant Bellamy, despite Plaintiff's contention in his objections that Defendant Bellamy was somehow involved in retaliation against Plaintiff, the only factual allegations that Plaintiff raises in his complaint are that Defendant Bellamy: (1) "advised Thomas that [the Central Office Review Committee ("CORC")] had received his grievance appeal on September 6, 2012;" (2) "is responsible for the administrative functions of the [Inmate Grievance Program] and the CORC;" and (3) "is personally involved and appropriately named in this action for the purpose of discovery to ascertain the voting members, or their designees, present in deciding the plaintiff's grievance." Dkt. No. 26 at ¶¶ 53-55. Magistrate Judge Dancks correctly concluded that these allegations are insufficient to show Defendant Bellamy's personal involvement in the alleged constitutional violations, Dkt. No. 53 at 20-22, a point that Plaintiff conceded in his opposition to Defendants' motion to dismiss, *see* Dkt. No. 50 at 8. Moreover, the Court agrees with Magistrate Judge Dancks that allowing Plaintiff's claims to proceed against Defendant Bellamy for purposes of discovering the identity of the individuals involved in the alleged violations of his constitutional rights is unnecessary, as Plaintiff has already identified several of the individuals who allegedly violated his rights. *See* Dkt. No. 53 at 22. Consequently, the Court adopts Magistrate Judge Dancks' recommendation and dismisses Plaintiff's claim against Defendant Bellamy with prejudice.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks' July 24, 2015 Report and Recommendation (Dkt. No. 53) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint (Dkt. No. 47) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's procedural and substantive due process claims, claims against Defendants DeCairano and Bellamy, and claims related to the proper functioning of the inmate grievance system are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's retaliation claim against Defendant Leifeld is **DISMISSED with leave to amend**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] As a result of this Order, should Plaintiff choose not to file an amended complaint, Plaintiff's remaining claims are his First Amendment and RLUIPA free exercise claims against Defendants Waugh, Leifeld, Larkin, Morris, Antonelli, and Bly.