**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERROL THOMAS,**

         **Plaintiff,**

 vs.                **9:13-cv-00321**
                   **(MAD/TWD)**

**F. WAUGH, Eastern Correctional Facility;**
**LEIFELD, Sergeant, Eastern Correctional Facility;**
**RONALD D. LARKIN, Superintendent, Eastern**
**Correctional Facility; CHERYL MORRIS, New York**
**State Department of Corrections and Community Services;**
**JOHN N. ANTONELLI, IGP Coordinator, Eastern**
**Correctional Facility; and BLY, Assistant Commissioner,**
**NYS DOCCS,**

         **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**ERROL THOMAS**
**96-A-7903**
Woodbourne Correctional Facility
99 Prison Road
PO Box 1000
Woodbourne, New York 12788
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**    **LOUIS JIM, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff Errol Thomas, an inmate currently in custody at Woodbourne Correction Facility,

commenced an action *pro se* pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1; Dkt. No. 26. Plaintiff

claims, among other things, a cause of action for retaliation against Defendant Leifeld. *See* Dkt. No. 26 at ¶¶ 17-68.

On November 6, 2014, Defendants filed a motion to dismiss for failure to state a claim. *See* Dkt. No. 47. Subsequently, Plaintiff's retaliation claim was dismissed with leave to amend. Dkt. No. 58 at 11. On December 16, 2015, Plaintiff filed a Second Amended Complaint, which includes additional allegations regarding his retaliation claim against Defendant Leifeld. *See* Dkt. No. 63. In a December 29, 2015 Order and Report-Recommendation, Magistrate Judge Dancks recommended that Plaintiff's retaliation claim against Defendant Leifeld in his Second Amended Complaint be dismissed with prejudice for failure to state a claim. *See* Dkt. No. 64. Specifically, Magistrate Judge Dancks found that "Plaintiff has still failed to plausibly allege that his filing a grievance against [Defendant] DiCairano was a 'substantial or motivating factor' in Leifeld's actions for purposes of showing a causal connection on his retaliation claim." *Id.* at 9. Neither party objected to Magistrate Judge Dancks' Order and Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same argument [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citation and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a

2

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complain is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Furthermore, when a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citations omitted). Nonetheless, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.*

3

In the present matter, Magistrate Judge Dancks correctly determined that Plaintiff has failed to plausibly allege a causal connection between Defendant Leifeld's action and Plaintiff's protected speech. As Magistrate Judge Dancks explained, temporal proximity alone is insufficient to establish an inference of retaliation. *See* Dkt. No. 64 at 10 (citing *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001)). There are no allegations in the Second Amended Complaint that Defendant Leifeld made any statements suggesting that he denied Plaintiff's grievance or sought an opinion from Albany regarding the appropriateness of Plaintiff's head covering because Plaintiff had filed a grievance against another individual – *i.e.*, Defendant DiCairano. Without such allegations, temporal proximity alone is insufficient to plausibly allege a causal connection between Plaintiff's protected activity and Defendant Leifeld's alleged retaliatory conduct.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 64) is **ADOPTED** in its entirety for reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's retaliation claim against Defendant Leifeld in his Second Amended Complaint (Dkt. No. 63) is **DISMISSED WITH PREJUDICE** for failure to state a claim; and the Court further

**ORDERS** that Plaintiff's claims in his Second Amended Complaint for violation of his procedural and substantive due process rights, previously dismissed with prejudice by the Court (Dkt. No. 58), are **STRICKEN**; and the Court further

**ORDERS** that Defendants Waugh, Leifeld, Larkin, Morris, Antonelli, and Bly are directed to answer Plaintiff's claims under the Free Exercise Clause of the First Amendment and RLUIPA in the Second Amended Complaint; and the Court further

**ORDERS** that Plaintiff's letter motion requesting that the Court direct the remaining Defendants to answer the Second Amended Complaint (Dkt. No. 67) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge