UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**ERROL THOMAS,**

               *Plaintiff*,

   -against-                                 **MOTIONS IN LIMINE**
                                                          9:13-CV-321 (MAD/TWD)

**F. WAUGH, et al.,**

               *Defendants.*
_____

## INTRODUCTION

Plaintiff Errol Thomas ("Plaintiff") submits this memorandum in support of his motion *in limine* to preclude the offering of certain evidence at trial. Specifically, for the reasons set forth below, Plaintiff seeks to preclude the introduction of evidence pertaining to the convictions underlying his sentence, and to be permitted to appear without shackles or restraints.

## MOTION(S) IN LIMINE

Plaintiff submits for consideration and ruling prior to trial, the following evidentiary issues.

**A.  DEFENDANTS SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE REGARDING PLAINTIFF'S CONVICTION HISTORY.**

The Federal Rules of Evidence permit, under *limited* circumstances, the impeachment of a witness by prior convictions punishable in excess of one year, subject to Rule 403. *See* Fed. R. Evid. 609(a). However, the evidence of a prior conviction shall only be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect.

In this case, any reference to Plaintiff's conviction for which he is presently incarcerated – rape in the first degree – should be inadmissible unless it can be shown to be so highly probative that it outweighs the extreme prejudice that would surely result from the jury hearing evidence. *See* Fed. R. Evid. 609(b). Defendants cannot offer any credible theory of enhanced relevance for this

felony conviction as it does not bear on any aspect of Plaintiff's veracity, or the claims or defenses in this case, and is therefore inadmissible under the Federal Rules of Evidence. The same holds true regarding any and all prior convictions, all of which fall well outside of the ten-year bar imposed by Fed. R. Evid. 609(b) – none of which go to Plaintiff's veracity or the claims or defenses in this case.

A court does not have to admit evidence if it determines that the "probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Williams v. Raimo,* 2012 U.S. Dist. LEXIS 147761 (N.D.N.Y. Oct. 15, 2012) (*citing United States v. Estrada*, 430 F. 3d 606, 621 (2d Cir. 2005)). The law requires that the court must balance the probative value against the prejudicial effect based on Fed. R. Evid. 609, and to do so must evaluate "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Williams*, 2012 U.S. Dist. LEXIS 147761, *citing Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997), *citing United States v. Hayes*, 553, F.2d 820, 828 (2d Cir. 1977).

Here, Plaintiff is already prejudiced by the fact that the jury will be made aware he is a New York State Corrections inmate. Moreover, the conviction of which he is currently incarcerated is well beyond ten years, unrelated to the conduct at issue in this case, and offers no probative value to the issue of Plaintiff's right to freely exercise the Jewish faith. Accordingly, Plaintiff requests that the Court issue an Order precluding Defendants from mentioning his prior convictions, for impeachment or any other purpose. Plaintiff's prior convictions have no bearing or relevance to the claims and defenses in this case.

Plaintiff further requests that the Court issue an Order precluding Defendants from mentioning his disciplinary history and otherwise introducing records of his disciplinary history, for impeachment or any other purpose, as they are similarly prejudicial and have no bearing on the claims and defenses in this case.

**B.     PLAINTIFF SHOULD NOT BE REQUIRED TO WEAR SHACKLES OR RESTRAINTS AT THE TRIAL.**

Plaintiff contends that he should not be required to wear shackles or restraints during the course of trial.  As there will be officers accompanying Plaintiff to and from the courthouse - as well as  throughout the courtroom during the duration of trial -  requiring Plaintiff to wear shackles or restraints is unnecessary and unduly prejudicial.  Moreover, any motion or other request by Defendants to require Plaintiff to wear restraints during the trial will unfairly prejudice and otherwise inflame the jury against him.

The United States Supreme Court has ruled that "federal due process principles 'prohibit[ ] the use of physical restraints visible to the jury during a criminal trial, absent a court determination that they are justified by an essential state interest...'" *Slater v. Conway*, No. 11-CV-0047 (MAT), slip op. at 13 (W.D.N.Y. March 7, 2012) (*quoting Deck v. Missouri*, 544 U.S. 622, 624 (2005)).  For similar reasons, Plaintiff requests that the Court issue an Order allowing for his restraints and shackles to be removed once he is in the courtroom and outside the view of the jury.

## **CONCLUSION**

For the reasons set forth herein, it is respectfully requested that Plaintiff's motions *in limine* be granted in its entirety, and that he be awarded such other, further, and additional relief as this Court deems just and proper.

**DATED:**   July 6, 2018                                **BARCLAY DAMON LLP**

                                                                                 By:   /s/ Allen F. Light
                                                                                          Bella S. Satra (518204)
                                                                                          Allen F. Light (700258)
                                                                                          *Trial Counsel for Plaintiff Pro Se*
                                                                                          Office and Post Office Address
                                                                                          80 State Street
                                                                                          Albany, New York 12207
                                                                                          Telephone: (518) 429-4200

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I caused to be electronically filed the foregoing document, Plaintiff's Motions in Limine, using the CM/ECF system, which sent notification of such filing to all who have made an appearance in this action.

By:   /s/ Allen F. Light  
Allen F. Light (700258)
