**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ERROL THOMAS,**

                           **Plaintiff,**

  vs.                                                **9:13-CV-321
                                                          (MAD/TWD)**

**LEIFELD,** *Sergeant, Eastern Correctional Facility*, **RONALD LARKIN,** *Superintendent, Eastern Correctional Facility,* **CHERYL MORRIS,** *New York State Department of Corrections and Community Services,* **JOHN N. ANTONELLI,** *IGP Coordinator, Eastern Correctional Facility, and* **BLY,** *Assistant Commissioner, NYS DOCCS,*

                           **Defendants.**

_____

**APPEARANCES:**                          **OF COUNSEL:**

**BARCLAY DAMON LLP**             **ALLEN LIGHT, ESQ.**
80 State Street                              **WILLIAM C. FOSTER, ESQ.**
Albany, New York 12207             **BELLA S. SATRA, ESQ.**
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**       **KYLE W. STURGESS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

    On March 21, 2013, Plaintiff Errol Thomas, an inmate in the custody of the New York

State Department of Corrections and Community Supervision, commenced this action in the

Northern District of New York, pursuant to 42 U.S.C. § 1983, asserting claims arising out of his

confinement at Eastern Correctional Facility. *See* Dkt. No. 1.[1] On November 13, 2015, Plaintiff filed a second amended complaint. *See* Dkt. No. 63. After an initial review of the second amended complaint for facial sufficiency, the following claims remained: free exercise claims under the First Amendment and Religious Land Use and Incarcerated Persons Act ("RLUIPA"), 42 U.S.C. § 1997e *et seq.*, against the above named Defendants. *See* Dkt. No. 69. On February 28, 2018, Magistrate Judge Dancks issued a Report-Recommendation and Order recommending that this Court grant summary judgment in favor of Defendant Waugh, dismiss Plaintiff's RLUIPA claim as a matter of law, and dismiss Plaintiff's claim for injunctive and declaratory relief as moot. *See* Dkt. No. 91. On March 27, 2018, this Court adopted Magistrate Judge Dancks' February 28, 2018 Report-Recommendation and Order in its entirety. *See* Dkt. No. 93.

Currently before the Court are the parties' motions *in limine*.

## II. BACKGROUND

The Court refers the parties to Magistrate Judge Dancks' February 28, 2018 Report-Recommendation and Order granting in part and denying in part Defendants' motion for summary judgment for a complete recitation of the relevant facts. *See* Dkt. No. 91.

## III. DISCUSSION

**A.     Motions** *in limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential

---

[1] The cited page numbers for docket entries in this Decision and Order refer to those assigned by the Court's electronic filing system ("ECF").

grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

In their motion *in limine* Defendants seek a ruling with respect to the admissibility of Plaintiff's criminal convictions for impeachment purposes under Federal Rule of Evidence 609(a)(1)(A). *See* Dkt. No. 116 at 6. In his motion, Plaintiff seeks a ruling on the following issues: (1) that the prejudicial effects of introducing any evidence of Plaintiff's convictions substantially outweigh any probative value; (2) that Defendants should be precluded from introducing evidence of Plaintiff's prison disciplinary history; and (3) that Plaintiff should not be required to wear shackles or restraints at trial. *See* Dkt. No. 123 at 1, 3, 5.

**B.     Criminal Convictions**

Rule 609 of the Federal Rules of Evidence vests broad discretion in the district court to admit or exclude evidence of prior convictions. *See United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Rule 609(a) provides that:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
> >
> > (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that

3

>      defendant; and
>
>      (2) for any crime regardless of the punishment, the evidence must
>      be admitted if the court can readily determine that establishing the
>      elements of the crime required proving – or the witness's admitting
>      – a dishonest act or false statement.

Fed. R. Evid. 609(a).

"The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 621 (2d Cir. 2005) (quotation omitted). In "balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citing *United States. v. Hayes*, 553 F.2d 820, 828 (2d Cir. 1977)) (other citation omitted). "Although all of these factors are relevant, '[p]rime among them is [the first factor, *i.e.*,] whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)). "[C]rimes of violence generally have limited probative value concerning the witness's credibility' and . . . theft 'crimes have greater impeachment value[.]'" *Estrada*, 430 F.3d at 618 (quotation omitted).

In the present matter, as to the first factor, although Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness' propensity to testify truthfully, all Rule 609(a)(1) felonies are not equally probative of credibility. *See Estrada*, 430 F.3d at 617-18.

Plaintiff's convictions for Rape in the First Degree, Attempted Rape in the First Degree, Sexual Abuse in the First Degree, Sexual Abuse in the Second Degree, and Assault in the Second Degree are not particularly probative as to honesty and veracity. *See id.* (noting that convictions for violent or assaultive crimes generally do not relate to credibility); *see also Maize v. Nassau Health Care Corp.*, No. CV 05-4920, 2012 WL 139261, *3 (E.D.N.Y. Jan. 18, 2012) (quoting *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985)) (noting "a conviction for rape [is] not highly probative of credibility").

As to the second factor, Plaintiff was convicted in 1996 and the conviction is now more than twenty years old. The Court finds that the second factor weighs in favor of excluding the impeachment testimony.

"The third criterion, similarity of the crimes, deals with the similarity of the charged crimes, or the incident at issue in the pending case, to the conviction. The less similar the pending case to the prior conviction, the less prejudicial its admission is." *Stephen v. Hanley*, No. 03-CV-6226, 2009 WL 1471180, *5 (E.D.N.Y. May 21, 2009). On the other hand, a conviction for a crime that bears a close resemblance to actions alleged in the current case might cause "unfair prejudice to the party against whom they are offered by suggesting that the party has a propensity to commit such acts." *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993). Here, Plaintiff's claims are based on denial of religious accommodations and are substantially different from Plaintiff's convictions for rape, attempted rape, sexual abuse, and assault. As such, there is little concern that a jury might find any resemblance between his previous convictions and current complaint and this factor weighs in favor of admitting the convictions for impeachment purposes.

Finally, as to the fourth factor, Plaintiff's credibility is a central issue in this case. Therefore, this factor weighs in favor of admitting the convictions for impeachment purposes.

5

Based on the foregoing considerations, the Court finds that the probative value of the fact of Plaintiff's felony convictions, as well as the date and the sentence imposed, outweighs the prejudicial effect of the evidence. However, the probative value of the name and nature of the convictions is substantially outweighed by the danger of unfair prejudice. Permitting Defendants to introduce Plaintiff's prior rape, attempted rape, sexual abuse, and assault convictions could "inflame[] the jurors' prejudice against him [due to] their . . . emotional response to . . . event[s] otherwise factually unconnected to his testimony or the facts of the case eclipsing whatever veracity he may otherwise have had in their eyes." *United States v. Devery*, 935 F. Supp. 393, 408 (S.D.N.Y. 1996) (citation omitted). Accordingly, evidence as to the date of Plaintiff's felony convictions and the sentence imposed is admissible; the name and nature of the convictions are not. *See Giles v. Rhodes*, No. 94 CIV. 6385, 2000 WL 1510004, *1 (S.D.N.Y. Oct. 10, 2000) (noting that "numerous courts have exercised their discretion to admit evidence of the fact that a witness has been convicted of a felony while barring evidence of the underlying details of the offense"); *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is within the discretion of the district courts to further limit the evidence of the prior conviction to exclude the nature or statutory name of the offense."); *United States v. Joe*, No. 07 Cr. 734, 2008 WL 2810169, *4 (S.D.N.Y. July 21, 2008) (holding that the government is restricted to inquiring about date of prior conviction and sentence imposed and precluded from inquiry into the statutory name of the offense or the facts underlying the conviction because "this detail poses a danger of unfair prejudice"); *Ramos v. Trifone*, No. 11-cv-679, 2015 WL 6509114, *5 (D. Conn. Oct. 28, 2015) (holding that the correctional officer defendants would only be permitted to introduce the date of the plaintiff's prior violent felonies and sentences imposed to impeach the plaintiff's credibility).

C.  **Disciplinary History**

Plaintiff seeks to preclude Defendants from introducing evidence of Plaintiff's prison disciplinary history. Defendants have not opposed this request. Given that Plaintiff's motion *in limine* did not provide any explanation as to the content of Plaintiff's disciplinary record or its potential relevance for this case, the Court is unable to make a ruling on this issue at this time. As such, Plaintiff's motion to exclude evidence or mention of his disciplinary record is denied without prejudice and he may raise this issue through objections at trial when the Court has a more complete factual context on which to base its decision.

D.  **Shackles During Trial**

Plaintiff contends that he should not be required to wear shackles or restraints during the trial. Defendants have not opposed this request. As such, Plaintiff's request is granted. *See Outman v. Waldron*, No. 14CV540, 2016 WL 4435234, *3 (N.D.N.Y. Aug. 19, 2016). However, if there are any issues regarding Plaintiff's behavior at trial, the Court will reconsider this decision.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** Defendants' motion *in limine* (Dkt. No. 116) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that Plaintiff's motion *in limine* (Dkt. No. 123) is **GRANTED in part** and **DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 12, 2018
　　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge